**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAMONT STERLING JOHNSON,

　　　　　Petitioner - Appellant,

　v.

ROBERT A. HOREL, Warden,

　　　　　Respondent - Appellee.

No. 11-16197

D.C. No. 4:07-cv-04483-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted November 6, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and WATFORD, Circuit Judges.

**1.** Petitioner Lamont Johnson seeks habeas relief on the ground that the

government destroyed material exculpatory evidence in violation of his due

process rights. *See Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988); *California*

*v. Trombetta*, 467 U.S. 479, 488–89 (1984). To prevail on this claim, Johnson

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

must show that the government failed to preserve constitutionally material evidence. *See Youngblood*, 488 U.S. at 56–57; *Trombetta*, 467 U.S. at 489. Constitutionally material means that the exculpatory value of the evidence was apparent before it was destroyed, and that the evidence was "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489.

The California Court of Appeal found, as a factual matter, that Johnson had received "everything of an exculpatory nature." We cannot say this finding was based on "an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d)(2). By the time of his second trial, Johnson had access to the press releases that the State withheld and the witnesses who appear to have been the source of the information contained in the press releases. Johnson has not identified any other evidence that might have existed suggesting that a third person was in fact present at the murder scene. In light of the state court's factual determination, we cannot say that it unreasonably applied *Trombetta* and *Youngblood* when it denied Johnson relief. *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

**2.** We also reject Johnson's claim regarding the prosecution's use of inconsistent factual theories in the trials of Johnson and his co-defendant. No

Supreme Court precedent clearly establishes that the Due Process Clause bars the government from prosecuting co-defendants under inconsistent factual theories absent evidence that the prosecutor knowingly used false evidence or acted in bad faith. *See* 28 U.S.C. § 2254(d)(1). There is no evidence of either here.

**AFFIRMED.**